PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>2021 DODGE CHARGER SRT HELLCAT, VIN: 2C3CDXL92MH563688, LICENSE NUMBER: 8XIW871,<br><br>   Defendant. | 2:22-MC-00311-DAD-CKD<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about May 12, 2022, agents with the Drug Enforcement Administration ("DEA") seized the 2021 Dodge Charger SRT Hellcat, VIN: 2C3CDXL92MH563688, License Number: 8XIW871 (hereafter "defendant vehicle") pursuant to a federal search warrant.

2. DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On July 19, 2022, DEA received a claim from Bobbie Vann ("Vann" or "claimant") asserting an ownership interest in the defendant vehicle. On August 15, 2022, DEA received a claim from Sukhmanpreet Jawanda ("Jawanda" or "claimant") asserting an ownership interest in the defendant vehicle.

3. The United States represents that it could show at a forfeiture trial that on January 11, 2022, an undercover officer ("UC") conducted a controlled buy of a polymer 80 semi-automatic Glock

43 style 9mm handgun from Jawanda.  Law enforcement surveilled Jawanda drive the defendant vehicle, registered to Vann, from a Sacramento residence to a Farmers Insurance office in Yuba City where he met Vann.  Law enforcement observed Vann retrieve an item from the trunk of her Nissan Altima and give the item to Jawanda.  Law enforcement continued surveillance until Jawanda arrived at the meet location in Yuba City.  At the meet, the UC got into the defendant vehicle and purchased the Glock handgun with a suppressor attached for $1,000 from Jawanda.

4.	The United States represents that it could further show at a forfeiture trial that on February 17, 2022, the UC negotiated the purchase of 2,250 M30 hydrocodone pills for $5,000 from Jawanda.  Law enforcement surveilled Jawanda drive a 2021 Dodge Durango Hellcat from his Sacramento residence to the meet location in Natomas.  Law enforcement observed Jawanda park next to the UC and then enter the right front passenger seat of the UC vehicle.  Jawanda and the UC conducted the controlled purchase of the counterfeit oxycodone tablets, Jawanda exited the UC vehicle, and got into the driver seat of the Durango.  Law enforcement has determined that Jawanda and an associate traveled to Oregon on or about February 17, 2021 to purchase the Durango for over $80,000 in cash, and Jawanda drove the Durango back to the meet with the UC to complete the drug transaction.

5.	The United States represents that it could further show at a forfeiture trial that on March 25, 2022, the California Highway Patrol conducted a traffic stop of a GMC Sierra Truck driven by Jawanda in Stockton, California.  During a search of the vehicle, law enforcement found approximately 30,000 counterfeit oxycodone pills containing fentanyl, one kilogram of cocaine, and a loaded semi-automatic handgun.

6.	The United States represents that it could further show at a forfeiture trial that on May 12, 2022, agents executed a search warrant at Vann's residence in Yuba City, California.  During the search Vann made statements to law enforcement regarding Jawanda.  Vann stated Jawanda purchased the defendant vehicle and asked Vann to register the vehicle in her name.

7.	The United States represents that it could further show that on May 12, 2022, agents also executed a search warrant at a residence associated with Jawanda in Browns Valley, California.  During the search of this property, law enforcement found several bags containing gram-quantities of white substances believed to be narcotics, M30 prescription pills, approximately 94 marijuana plants, a black

rifle with an attached drum style magazine, and the Dodge Durango Hellcat referenced in paragraph 4 above.

8. The United States represents that it could further show at a forfeiture trial that on December 14, 2022, law enforcement interviewed the individual that sold the defendant vehicle to Jawanda in November 2021. The seller stated they bought the defendant vehicle from a Dodge dealership in Sacramento, and later decided to sell the defendant vehicle, advertising the defendant vehicle on Craigslist. The seller was contacted by a male who he identified as Jawanda. The seller sold the defendant vehicle to Jawanda for $115,000 in cash. During the in-person sale, Jawanda was accompanied by a female that he referred to as "his aunt." When shown a photo of Vann, the seller correctly identified the individual in the photo as "the aunt." The seller told law enforcement that Jawanda requested that title for the defendant vehicle be in the aunt's name, "Bobbie Vann", instead of Jawanda's name.

9. The United States represents that it could further show that law enforcement requested employment history information for Jawanda from the California Employment Development Department ("EDD"). EDD did not find any records of reported employment for Jawanda from January 2021 through June 2022.

10. On April 20, 2023, an Indictment was filed in the Eastern District of California charging Sukhmanpreet Singh Jawanda with two counts of Distribution of Fentanyl in violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1), and Unlawful Dealing in Firearms Without a License in violation of 18 U.S.C. § 922(a)(1)(A).

11. The United States could further show at a forfeiture trial that the defendant vehicle is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. §§ 881(a)(4) and (a)(6).

12. Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant vehicle. Claimants acknowledged that SchoolsFirst Federal Credit Union is the lienholder on the

defendant vehicle, and it is registered to Bobbie Jo Vann, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant vehicle, claimants shall hold harmless and indemnify the United States, as set forth below.

13. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

14. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant vehicle was seized.

15. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, all right, title, and interest of Bobbie Vann and Sukhmanpreet Jawanda in the defendant 2021 Dodge Charger SRT Hellcat, VIN: 2C3CDXL92MH563688, License Number: 8XIW871 shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. §§ 881(a)(4) and (a)(6), to be disposed of according to law.

3. The U.S. Marshals Service, or its designee, shall sell the 2021 Dodge Charger SRT Hellcat in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  As part of the liquidation and sale, the lien held by SchoolsFirst Federal Credit Union on the defendant vehicle shall be paid off and retired from the net sale proceeds after payment of costs and expenses including, but not limited to, storage fees, maintenance fees, disposal costs, and auctioneer fees incurred by the U.S. Marshals Service, or its designee, to the extent funds are available.  The exact amount to be paid to SchoolsFirst Federal Credit Union shall be determined at the time of payment.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant vehicle.  This is a full and final release

applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated:   **December 21, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE